IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GEOSCOPE TECHNOLOGIES PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil Action No. 1:22-cv-01373-MSN-JFA <br><br> **JURY TRIAL DEMANDED** |

**STIPULATION OF PARTIAL JUDGMENT OF
<u>NONINFRINGEMENT AND INVALIDITY</u>**

Plaintiff Geoscope Technologies Pte. Ltd. ("Geoscope") and Defendant Apple Inc. ("Apple"), by and through their respective counsel, and in response to the Court's Order entered August 15, 2023 (Dkt. No. 102), hereby stipulate to entry of judgment of noninfringement of U.S. Patent No. 8,320,264 (the "'264 Patent") and of invalidity of claim 11 of U.S. Patent No. 9,097,784 (the "'784 Patent") and claim 52 of U.S. Patent. No. 8,400,358 (the "'358 Patent"), based on the Court's claim construction rulings in Dkt. No. 92.

In light of the foregoing, IT IS HEREBY STIPULATED AND AGREED by the parties, subject to approval of the Court, as follows:

1. On December 1, 2022, Geoscope filed its Complaint against Apple for infringement of U.S. Patent Nos. 7,561,104; 8,400,358; 8,786,494; 8,406,753; 9,097,784, and 8,320,264 (collectively, "the Asserted Patents"). Dkt. No. 1.

2. On January 10, 2023, Apple answered Geoscope's Complaint, denying the material allegations and asserting, among other things, affirmative defenses of noninfringement and invalidity of the Asserted Patents. Dkt. No. 29.

3. On June 12, 2023, pursuant to the Joint Discovery Plan, Geoscope narrowed the asserted claims of the '264 Patent, '784 Patent, and '358 Patent to the following:

    a. Claims 13, 15 and 20 of the '264 Patent;

    b. Claim 11 of the '784 Patent; and

    c. Claims 15, 18, 52 of the '358 Patent.

4. On July 19, 2023, following briefing and a hearing, the Court issued a Claim Construction Order construing disputed terms of the Asserted Patents. Dkt. No. 92.

5. With respect to the '264 Patent, '784 Patent, and '358 Patent, the Court's Claim Construction Order provided, among other things, the following constructions and rulings:

    a. "wireless device" ('264 Patent): a mobile device configured to communicate while unattached to any physical wires.

    b. "in proximity" ('784 Patent): Indefinite.

    c. "determining said most likely street as a first one of said plural geographic locations" ('784 Patent): Indefinite.

    d. "positioning determining equipment" ('358 Patent): Subject to 35 U.S.C. § 112 ¶ 6. Function: "comparing said modified network measurement data with said database of calibration data." Structure: Indefinite.

6. Based on the Court's Claim Construction Order (Dkt. No. 92), the parties jointly stipulate that the Court may enter judgment of noninfringement of claims 13, 15 and 20 of the '264 Patent against Geoscope in light of the Court's constructions. Specifically, under Geoscope's proposed construction of "wireless device" as a "device capable of communicating using a wireless network," Geoscope contended that Apple infringed claims 13, 15, and 20 of the '264 Patent and that a fixed access point in a wireless network satisfied the "wireless device" limitation of the

claims. However, in view of the Court's construction of the term "wireless device," and its statement that the intrinsic evidence does not support "that a base station may be a wireless device," Dkt. No. 92 at 32, the parties agree that Geoscope cannot establish that Apple infringes claims 13, 15, and 20 of the '264 Patent. Geoscope expressly reserves the right to appeal the Court's claim construction of the term "wireless device" upon entry of final judgment.

7. Based on the Court's Claim Construction Order (Dkt. No. 92), the parties jointly stipulate that the Court may enter judgment of invalidity of asserted claim 11 of the '784 Patent and asserted claim 52 of the '358 Patent on grounds that the Court has ruled that the following terms recited in the asserted claims (based on their dependency from an independent claim) are indefinite under 35 U.S.C. § 112: "in proximity," "determining said most likely street as a first one of said plural geographic locations," and "positioning determining equipment." Geoscope expressly reserves the right to appeal the Court's claim construction of these terms in the '784 Patent and '358 Patent upon entry of final judgment.

8. The present action presents more than one claim for relief. To conserve judicial and party resources, the parties respectfully request that the Court enter judgment in favor of Apple and against Geoscope as to Counts Five and Six of Geoscope's Complaint (Dkt. No. 1) asserting infringement of the '784 Patent and '264 Patent, respectively, and partial judgment in favor of Apple and against Geoscope as to Count Two of Geoscope's Complaint for claim 52 the '358 Patent.[1] The judgment as to these Counts will become final upon entry of judgment as to all remaining claims in this action. The parties reserve all appellate rights, including but not limited

---

[1] Asserted claims 15 and 18 of the '358 Patent do not recite the term "positioning determining equipment."

to, the right to appeal the Court's Claim Construction Order to the United States Court of Appeals for the Federal Circuit.

9. The parties agree that, in the event that the United States Court of Appeals for the Federal Circuit modifies or reverses any portion of this Court's Claim Construction Order, or remands to this Court for further proceedings, nothing in this stipulation shall be considered as an admission that Apple is entitled to judgment of noninfringement or invalidity, or to waive or foreclose entry of judgment of infringement of the Accused Instrumentality under any of the Asserted Patents. The parties further agree that in the event that the United States Court of Appeals for the Federal Circuit modifies or reverses any portion of this Court's Claim Construction Order, or remands to this Court for further proceedings, this Stipulation shall not be offered or admitted into evidence in such further proceedings.

10. The parties agree that this stipulation is without prejudice to any claim construction, infringement, or noninfringement positions with respect to any other limitations of any other asserted claims in this action.

Dated: August 15, 2023

Respectfully submitted,

/s/ *John M. Erbach*
John M. Erbach (VSB No. 76695)
Chris Bascom (VSB No. 87302)
SPOTTS FAIN, P.C.
Renaissance Centre
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Tel: (804) 697-2044
Fax: (804) 697-2144
jerbach@spottsfain.com
cbascom@spottsfain.com

Timothy K. Gilman (*pro hac vice*)
Christopher M. Gerson (*pro hac vice*)
Saunak K. Desai (*pro hac vice*)
Natalie D. Lieber (*pro hac vice*)
Gregory R. Springsted (*pro hac vice*)
Ryan J. Singer (*pro hac vice*)
Alexandra J. Cho (*pro hac vice*)
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 756-2000
Fax: (212) 593-5955
tim.gilman@srz.com
chris.gerson@srz.com
saunak.desai@srz.com
natalie.lieber@srz.com
gregory.springsted@srz.com
ryan.singer@srz.com
alexandra.cho@srz.com

*Attorneys for Plaintiff Geoscope Technologies Pte. Ltd.*

/s/ *Craig C. Reilly*
Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com
THE LAW OFFICES OF CRAIG C. REILLY
209 Madison Street, Suite 501
Alexandria, Virginia 22314
Tel: (703) 549-5354
Fax: (703) 549-5355

Brian M. Buroker (VSB No. 39581)
bburoker@gibsondunn.com
Wendy W. Cai (*pro hac vice*)
wcai@gibsondunn.com
David Brzozowski (*pro hac vice*)
dbrzozowski@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel: (202) 955-8295
Fax: (202) 831-6106

Brian A. Rosenthal (*pro hac vice*)
brosenthal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 716-0839

Jaysen S. Chung (*pro hac vice*)
jschung@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5300
Fax: (650) 849-5067

Nathaniel R. Scharn (*pro hac vice*)
nscharn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Tel: (949) 451-3800

Fax: (949) 451-4220

*Attorneys for Defendant Apple Inc.*